UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV282-3-V
(3:02CR227-1-V)

| | | |
|---|---|---|
| RICHARD TIMOTHY CARROLL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), filed June 13, 2005; on the Government's Answer to Petitioner's Motion and Motion for Summary Judgment, (Document No. 8), on Petitioner's Reply to the Government's Motion, (Document No. 15) and on the Government's Supplemental Response and Motion for Summary Judgment (Document No. 17.)

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On October 8, 2002, the grand jury returned a one count bill of indictment which charged Petitioner, Richard Timothy Carroll, with a violation of 18 U.S.C, § 922(g)(1) (possession of a firearm by a convicted felon) and 18 U.S.C. § 924(e) (Document No. 8, 3:02cr227.) On January 28, 2003, a unanimous jury found Petitioner guilty. On September 22, 2003, this Court sentenced Petitioner to 290 months imprisonment followed by five years of supervised release. Petitioner appealed his sentence and conviction to the Fourth Circuit Court of Appeals. On June 15, 2004 the Fourth Circuit affirmed Petitioner's sentence and conviction. On July 2, 2004, Petitioner filed a

1

petitioner for rehearing in the Fourth Circuit, which was denied on September 28, 2004. Petitioner filed the instant Motion to Vacate on June 13, 2005 alleging various claims of ineffective assistance of counsel.

Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the Petitioner's Motion to Vacate should be <u>denied</u>. That is, the Court finds that the instant record makes it clear that counsel was not deficient.

## II. <u>ANALYSIS</u>

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, <u>and</u> that he was prejudiced thereby. <u>Strickland v. Washington</u>, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. <u>Id</u>. at 689; <u>see also</u> <u>Fields v. Attorney Gen. Of Md.</u>, 956 F.2d 1290, 1297-99 (4th Cir.), <u>cert. denied</u>, 474 U.S. 865 (1985); <u>Hutchins v. Garrison</u>, 724 F.2d 1425, 1430-31 (4th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1065 (1984); and <u>Marzullo v. Maryland</u>, 561 F.2d 540 (4th Cir. 1977), <u>cert. denied</u>, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving <u>Strickland</u> prejudice." <u>Fields</u>, 956 F.2d at 1297, <u>citing</u> <u>Hutchins</u>, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." <u>Fields</u>, 956 F.2d at 1290, <u>citing</u>, <u>Strickland</u>, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. <u>Sexton v. French</u>, 163 F.3d 874, 882 (4th Cir. 1998), <u>cert. denied</u>, 528 U.S. 855

2

(1999).  Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

Because a presumption exists that counsel is competent, a petition seeking post-conviction relief bears a heavy burden to overcome this presumption, and the presumption is not overcome by conclusory allegations.  Carprenter v. United States, 720 F.2d 546 (8th Cir. 1983).

Turning now to Petitioner's specific claim, the Court finds that the Petitioner has failed to demonstrate an entitlement to any relief.

First, Petitioner contends that his counsel was ineffective for failing to object to this Court's finding that Petitioner's prior convictions were considered violent felonies for purposes of determining Petitioner's sentence.  Specifically, Petitioner contends that his conviction for escape and his numerous convictions for breaking and entering of dwellings are not considered violent felonies.  Petitioner cites United States v. Washington, 404 F.3d 834 (4th Cir. 2005) to suggest that, in determining that Petitioner was an armed career criminal, the Court relied on facts outside the Indictment.[1]  Unlike the defendant in United States v. Washington, Petitioner's previous convictions were for burglaries of dwellings.  It is well settled that burglary of a dwelling is a crime of violence for purposes of 18 U.S.C. § 924(e).  See Taylor v. United States, 495 U.S. 575, 599 (1990); see also

---

[1] The Petitioner was sentenced prior to the Supreme Court decisions of United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004).  Petitioner's conviction and sentence were affirmed by the Fourth Circuit on June 15, 2004.  Blakely was decided on June 24, 2004.  Petitioner's counsel filed a petition for rehearing and a petition for rehearing en banc on July 2, 2004 asserting the very ground Petitioner now raises in this instant motion.  The Fourth Circuit denied the petitions.  Counsel then advised Petitioner of his right to petition for writ of certiorari to the United States Supreme Court.  (Affidavit of Deke Falls attached to the Govt's Supp. Response at 2.)

3

United States v. Sheppard, 153 Fed. Appx. 167, 168 (4th Cir. 2005 (unpublished)). In the instant case, Petitioner had been convicted of fourteen (14) burglaries of dwellings. Since the law is clear that such a conviction is a crime of violence for purposes of 18 U.S.C. § 924 (e), it would have been futile and disingenuous for Petitioner's counsel to have objected to the Court's finding that Petitioner's prior convictions were considered violent felonies. Therefore, Petitioner cannot establish that his counsel's performance was deficient.

Moreover, Petitioner's trial counsel did raise this issue in a petition for rehearing, after the Supreme Court decided the case of Blakely v. Washington, 542 U.S. 296 (2004), which the Fourth Circuit denied. Petitioner has not established either prong of the Strickland test and this claim is therefore denied.

Next, Petitioner claims that his counsel was ineffective for failing to object to Petitioner receiving a greater sentence than the maximum statutory sentence of ten years. Petitioner contends that his sentence of 290 months imprisonment, which was based on his status as an armed career criminal, was improperly based on the court, and not the jury, determining the nature and number of Petitioner's prior felonies. In support of his contention Petitioner argues that "the government did not indict, nor did the grand jury return an indictment charging the Petitioner with violating 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e), the later of which Petitioner was sentenced under." (Petitioner's Response at 5.) Petitioner is simply wrong. Count One of the Bill of Indictment filed on October 8, 2002, charged Petitioner was violating 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). (See 3:02cr227, Document No. 8.)

Under 18 U.S.C. § 924(e) (the "Armed Career Criminal Act"), anyone convicted of a § 922(g) violation (being a felon in possession) who has three previous convictions "for a violent felony

4

or a serious drug offense, or both, committed on occasions different from one another" is subject to a mandatory minimum of 15 years. The question of whether a defendant has three prior predicate convictions is properly determined - by a preponderance of the evidence - by the district court. United States v. Sterling, 283 F.3d 216, 219-20 (4th Cir.), cert denied, 536 U.S. 931 (2002). In other words, Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), does not require prior convictions to be charged in the indictment or submitted to a jury for proof beyond a reasonable doubt. Sterling, 283 F.3d at 219-20. Accord United States v. Cheek, 415 F.3d 349, 350 (4th Cir. 2005)(holding that a district court's finding that a defendant had qualifying felony convictions that supported an armed career criminal designation does not violate U.S. v. Booker and United States v. Lomax, 293 F.3d 701, 704 (4th Cir.), citing Apprendi, 530 U.S. at 40, cert. denied, 537 U.S. 1031 (2002). The cases make clear that the district court and not the jury is to determine whether a defendant has three prior predicate offenses for purposes of the Armed Career Criminal Act.

Petitioner's claim lacks legal and factual merit and as such, Petitioner cannot establish that his counsel was ineffective. Therefore, this claim is denied.

Finally, Petitioner contends that his counsel allowed "transcripts and tapes not in evidence to be used and considered by the jury during deliberations." (Petitioner's Response at 5.)

During deliberations, the jury sent a note to the Court asking for play back of two tapes submitted into evidence and also the corresponding transcripts. The first was a tape that was admitted into evidence, but not played for the jury, of a conversation between Mr. Baker and Mr. Bosman. (J.A. at 283.) As to this tape, Petitioner's counsel initially objected to allowing the jury to hear this tape. (J.A. 278.) The Court asked if the parties would agree to let the jury hear the tape

5

beginning after the header.[2] Petitioner's counsel conferred with his client, however, the Court interrupted and ruled that there was no proper basis on which the tape could be played. (J.A. 280). After the lunch recess, Petitioner's counsel informed the Court that he and his client conferred and he wished to withdraw his previous objection to playing the tape received into evidence but not heard by the jury. (J.A. at 284; affidavit of deke Falls, attached to the Govt's Supp. Response at 2.) Counsel then conferred with his client again and then addressed the Court once again and informed the Court that "[w]e would like for it to be played, Your Honor." (J.A. 284.) Petitioner's counsel however, did object to the jury being permitted to also have a transcript of the tape. Accordingly, the Court allowed the jury to hear the tape without the use of a transcript. (J.A. At 286.)

As an initial matter, the Court notes that the jury was permitted to listen to an audio tape that was properly admitted into evidence. (J.A. at 285.) Next, despite Petitioner's contention, counsel for Petitioner objected to the jury being permitted to use a transcript of the recording and counsel's objection was sustained by the Court. (J.A. at 286.) Finally, Petitioner claims that counsel improperly consented to the Court allowing the jury to listen to a tape that was not played during the trial but had been admitted into evidence. However, Petitioner joined this consent as Petitioner and counsel conferred prior to counsel withdrawing the objection to the jury listening to the audio tape. (J.A. at 284, 286.) Petitioner cannot now claim that counsel was ineffective for allowing Petitioner to participate in tactical decisions during trial.

The second part of the jury's request was to hear a play back of a tape the jury did hear during

---

[2] The tape in question began with a header which introduced the tape as a conversation between the informant and Richard Timothy Carroll. However, there was testimony that Agent Kelly hit the wrong button on the recording device and that the tape was really a conversation between Mr. Baker and Ms. Boseman.

6

the trial which was a conversation from the day of the arrest of the buy/bust. The jury also requested a transcript of this tape. The jury heard this tape during the trial and also had the benefit of a visual transcript on the screen while hearing the tape. Petitioner's counsel agreed that the tape should be played but objected to the transcript being used as an aid. (J.A. 267.) The Court allowed the jury to hear the tape and agreed that the jury could also have the visual of the transcript just as they did during the trial. (J.A. 284.)

Again, the tape in question was admitted into evidence and was heard by the jury during the trial. Additionally, the visual of the transcript was seen by the jury during the trial. Petitioner's counsel did object to the transcript, however counsel's objection was overruled. (J.A. at 281.) Petitioner's contention that his counsel was ineffective for allowing the transcript to be considered has no merit since his counsel objected and was overruled (J.A. at 281.)

Petitioner has failed to demonstrate that his counsel's performance was deficient. Moreover, Petitioner does not demonstrate how he was prejudiced by his counsel's alleged deficient performance.

The record in this matter reflects that the Petitioner has failed to state a claim for relief in connection with his allegations of ineffective assistance of counsel. Accordingly, the Petitioner's Motion to Vacate must be denied.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is **DENIED** and the Government's Motion for Summary Judgement is **GRANTED (Document No. 8.)**

**SO ORDERED**.

Signed: August 21, 2006

Richard L. Voorhees
United States District Judge